LEE ANN DAUPHINOT, Justice,
dissenting.
Respectfully, I cannot join the majority opinion. Despite its conscientious consideration of Appellant’s issues as perceived by the majority and despite the majority’s thorough examination of the record, I do not believe that the majority opinion addresses the issues actually raised by Appellant. That is, I believe that the majority misunderstands Appellant’s complaints.
The majority appears to believe that Appellant’s issues are based on the admissibility of a presentence investigation report (PSI) or the authority of the trial court to order or consider a PSI. In a footnote, the majority finds Appellant’s prayer for relief to be “peculiar” because “once remanded, the trial court would still possess the statutory authority to order a new PSI.”[1] The majority candidly admits that it is “at a loss to understand how the failure to contemporaneously object to the trial court’s consideration of a PSI ... is affected by the timing of the State’s alleged infraction.”[2]
Clearly, the majority does not understand the issue. The issue is whether a criminal defendant may be questioned at a critical stage of the proceeding when he is represented by counsel but without advising the attorney who represents him. A concise recitation of the facts will be helpful:
1. Appellant was indicted on February 26, 2010, in two separate indictments on aggravated assault of a family member by shooting Jesika and aggravated assault of a family member by threatening his father with a deadly weapon.
2. By at least October 9, 2009, Appellant’s attorney notified the State and the trial court that he would be entering an open plea of guilty in a bench trial.
*234 3. On January 21, 2010, Appellant’s attorney again appeared for him and indicated Appellant’s intention to plead guilty, and the case was passed to another setting.
4. On April 9, 2010, counsel again appeared for Appellant and again informed the trial court that Appellant intended to plead guilty.
5. On that date the trial court told Appellant’s attorney that Appellant’s pleas of guilty would be accepted at the punishment hearing set for May 28, 2010.
6. On May 27, 2010, the day before the punishment hearing, a probation officer conducted a presentence investigation interview of Appellant at the Denton County Jail.
7. No one notified Appellant’s attorney that the probation officer was going to interview Appellant in the jail.
8. Appellant did not waive his right to have counsel present during questioning.
9. Both the prosecutor and the defense attorney were given a copy of the PSI.
10. Appellant testified on his own behalf at the trial.
11. The State used the PSI to question Appellant about his intent to kill Jesika when his testimony differed from the PSI.
As in Estelle v. Smith,[3] the trial court, not the State, sent the officer to interview Appellant. No one notified Appellant’s lawyer, who had already made at least three appearances for Appellant, that anyone would be questioning Appellant, who was in jail. No one told Appellant that he had a right to remain silent or the right to have counsel present pursuant to the Fifth and Sixth Amendments to the Constitution of the United States. Although a copy of the PSI resulting from the questioning of Appellant by the probation officer was provided to Appellant, it was also provided to the State,[4] who used it as the basis of its cross-examination of Appellant. Indeed, the probation officer asked Appellant questions based on information provided to him by the district attorney’s office.
Appellant’s complaint is that he was denied his Sixth Amendment right to counsel, not that the trial court had no authority to order the PSI. He argues that objection to the PSI was not required to preserve his Sixth Amendment protection. The Sixth Amendment right to counsel attaches “automatically” at the initiation of adversary criminal proceedings.[5] The fundamental nature of the right to counsel makes it obligatory on the states by the due process clause of the Fourteenth Amendment.[6]
Although the trial court has the authority to order a PSI — which I believe permits ex parte communication with the trial court, private investigation into facts affecting sentencing that are often hearsay upon hearsay, improper opinion expressed for the purpose of influencing the trial court, and denial of confrontation and cross-examination of declarants providing *235 the PSI information to the trial court — the trial court has no authority to require the defendant to speak with the probation officer.[7] A remand would not deprive Appellant of his Fifth Amendment right to remain silent, nor would it deprive him of his Sixth Amendment right to seek the advice of counsel in deciding whether to speak to the probation officer. Neither the trial court, nor the probation officer, nor his own lawyer can compel a defendant in a criminal case to give up his right to remain silent.
Appellant argues that because the Fifth and Sixth Amendment rights must be waived personally by a defendant and cannot be waived by counsel, those rights, consequently, cannot be waived by counsel by procedural default.[8]
Additionally, the State brings out the point that there is no evidence that the trial court used the PSI. Rather, it was used to gain admissions and to provide information for the prosecution to use in cross-examination of Appellant in the punishment phase of the trial. But it was admitted into evidence with no objection. That fact is uneontroverted, but neither is it the issue raised by Appellant.
The majority states that “[wjaivable-only rights include the right to assistance of counsel at trial ...,”[9] but the majority does not address the fact that Appellant was denied the assistance of counsel during trial when the representative of the court, the probation officer, knowing that Appellant was represented by counsel, interviewed Appellant without warning him of his right not to speak to the officer, without warning him that he had the right to have his attorney present, and without giving notice to Appellant’s counsel of the interview.
Because the majority fails to address the issue actually argued by Appellant and because the majority opinion turns on a question different from that raised by Appellant, I must respectfully dissent from the majority opinion.

. Majority op. at 226-27 n.2.

. Id. at 227.

. 451 U.S. 454, 456-57, 101 S.Ct. 1866, 1870, 68 L.Ed.2d 359 (1981).

. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(d), (f) (West Supp. 2011) (requiring that the defense have access to the PSI and that the State have access to "any information made available to the defendant”).

. Davis v. United States, 512 U.S. 452, 456-57, 114 S.Ct. 2350, 2354, 129 L.Ed.2d 362 (1994); Dinkins v. State, 894 S.W.2d 330, 351 (Tex.Crim.App.), cert. denied, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995).

. Gideon v. Wainwright, 372 U.S. 335, 343-44, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963).

.See Mitchell v. United States, 526 U.S. 314, 325-26, 119 S.Ct. 1307, 1313, 143 L.Ed.2d 424 (1999); Estelle, 451 U.S. at 462-63, 101 S.Ct. at 1873; Carroll v. State, 42 S.W.3d 129, 132 (Tex.Crim.App.2001).

. See Marin v. State, 851 S.W.2d 275, 278-79 (Tex.Crim.App.1993).

. Majority op. at 231.